Houck, J.
This is an action brought by the •plaintiff, Jesse McClain, in which he seeks to~ charge the defendant, M. D. Custer, as agent and trustee, for the purchase of twenty shares of the common capital stock of The Fairfield Paper Company, which the- said Custer is alleged to have purchased fox plaintiff, and,,, in violation of his *184 duties as such agent and trustee, to have taken the title thereto in his own name and disposed of the stock without turning over any part thereof to the plaintiff. The answer of the defendants in substance is a general denial of all the material averments of the petition.
Two issues of fact are raised by the pleadings. First, was the defendant, Custer, the agent of plaintiff? Second, was the defendant, Custer, the trustee of plaintiff?
The plaintiff has the burden of maintaining these facts, and he umst sustain them by that degree of proof required by law. The degree of proof required as to the first issue of fact is by the weight of the evidence; and, as to the second, it must be established by clear and convincing evidence.
This difference in the degree of proof required to sustain these two facts is readily understood when we call to mind that agency differs in many important respects from what is usually designated as a trust. While it is true that agency is sometimes defined as a relation of trust and confidence, and therefore property in the hands of an agent is frequently held to be impressed with a trust for the benefit of the principal, nevertheless •the two relations .can not properly be claimed to be alike.
Agency 'is a contract, and it is necessary that the minds of the alleged contracting parties should meet; and this must be done, as shown by the evidence, before the claim of agency will be sustained.
While a trust involves control of property, agency, within itself, does not. A trustee usually *185 holds the legal title, while an agent ordinarily does not. Trust is not considered a contractual relation, .while agency is so regarded.
This leads us to the'proven facts in the case as contained in the transcript of the testimony taken in the common pleas court, and the two transcripts of the testimony as taken in this court. We have read all of it with much care, and we find, upon the two issues of fact presented for our solution, a conflict of testimony of such a character that we find that the minds of the parties to this lawsuit never met in contractual relationship, as contemplated by law under the rules as hereinbefore laid down. And having thus found, it also naturally follows that there is a failure of proof to create a trust relationship between the plaintiff and the defendant, Custer.
When the plaintiff filed his petition, setting forth his alleged claims, he took upon himself the burden of establishing each and all of the material allegations contained therein, by that degree of proof required by law. The evidence offered in the case, as disclosed by the transcripts of testimony, does not measure up to the degree of proof thus required; and having thus found, it is the duty of this court to dismiss the petition of plaintiff, which is now done.

Petition dismissed.

Powell and Shields, JJ., concur.